NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC DAWSON,<br><br>       Plaintiff,<br><br>  v.<br><br>S. LATHAM, et al.,<br><br>       Defendants.<br>_____/ | No. C 08-0741 JF (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

    Plaintiff, a California prisoner incarcerated at High Desert State Prison and proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against officials at Pelican Bay State Prison ("PBSP"), where Plaintiff was formerly housed. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order The Court will dismiss one of Plaintiff's claims, and order service of the complaint on the basis of his other, cognizable claims

**DISCUSSION**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Jf\CR.08\Dawson741srv.wpd

United States District Court
For the Northern District of California

1  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may
2  be granted or seek monetary relief from a defendant who is immune from such relief. See id.
3  § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.
4  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

5      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
6  elements: (1) that a right secured by the Constitution or laws of the United States was
7  violated, and (2) that the alleged violation was committed by a person acting under the color
8  of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

9      Having reviewed the complaint, the Court finds that Plaintiff's allegations, liberally
10  construed, state a cognizable claim against Defendants for deliberately indifference to his
11  serious medical needs, in violation of the Eighth Amendment.

12      Plaintiff's claim against Defendants Morgan, McLean and Thacker for their actions in
13  processing and denying his administrative appeals does not state a cognizable claim for the
14  violation of his right to due process. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.
15  2003) (holding that there is no constitutional right to a prison administrative appeal or
16  grievance system); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (same). Accordingly,
17  the administrative appeals claim will be dismissed.

## CONCLUSION

19  For the reasons stated above, the Court orders as follows:

20      1.    Plaintiff's claim against Defendants Morgan, McLean and Thacker in
21  connection with Plaintiff's administrative appeals is DISMISSED for failure to state a
22  cognizable basis for relief.

23      2.    The Clerk of the Court shall issue summons and the United States Marshal
24  shall serve, without prepayment of fees, a copy of the complaint in this matter, all
25  attachments thereto, and a copy of this order upon **S. Latham, M. Edwards, B. Jain, M.**
26  **Morgan, M. McLean, and A. Thacker** at **Pelican Bay State Prison.** The Clerk shall also

27

28  Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Jf\CR.08\Dawson741srv.wpd


mail courtesy copies of the Complaint and this order to the California Attorney General's Office.

    3.    No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim in the complaint found to be cognizable above.

    a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

    b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

    a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

United States District Court
For the Northern District of California

1  other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations,
2  depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have
3  in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case
4  dismissed.

5          b.      In the event Defendants file a motion for summary judgment, the

6  Ninth Circuit has held that the following notice should be given to Plaintiffs:

7          The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under
8  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

9          Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there
10 is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary
11 judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is
12 properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific
13 facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the
14 defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition,
15 summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and
16 there will be no trial.

17 See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to

18 read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S.

19 317 (1986) (holding party opposing summary judgment must come forward with evidence

20 showing triable issues of material fact on every essential element of his claim). Plaintiff is

21 cautioned that failure to file an opposition to Defendants' motion for summary judgment may

22 be deemed to be a consent by Plaintiff to the granting of the motion, and granting of

23 judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

24 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

25          5.      Defendants shall file a reply brief no later than **fifteen (15) days** after

26 Plaintiff's opposition is filed.

27

28 Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Jf\CR.08\Dawson741srv.wpd

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 5/8/08

JEREMY FOGEL
United States District Judge

Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Jf\CR.08\Dawson741srv.wpd